The State ex rel. VANDERLAAN

v.

POLLEX, Judge.

[Cite as *State ex rel. Vanderlaan v. Pollex* (1994), 96 Ohio App.3d 235.]

Court of Appeals of Ohio,
Wood County.

No. 94WD063.

Decided July 27, 1994.

*J.L. Stearns,* for relator.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, for respondent.

---

*Per Curiam.*

On June 29, 1994, relator, Debra Vanderlaan, filed a complaint for writ of mandamus asking this court to compel respondent, Judge Robert C. Pollex of the Wood County Juvenile Court, to continue the date for a permanent custody hearing regarding relator's two minor children. Relator will be incarcerated in a corrections facility in Michigan until at least February 1995. Relator states that, although unsuccessful, diligent efforts have been made to secure her release from the Michigan corrections facility. Relator's children have been in the temporary custody of Wood County Department of Human Services since April 1992.

In order for a writ of mandamus to be issued, the relator must demonstrate a clear legal right to the relief prayed for, that respondents are under a clear duty to perform the act, and that the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 80, 526 N.E.2d 786, 787.

Trial courts have broad discretion to decide whether to grant a continuance. *State v. Sowders* (1983), 4 Ohio St.3d 143, 144, 4 OBR 386, 387, 447 N.E.2d 118, 120, citing *Ungar v. Sarafite* (1964), 376 U.S. 575, 589–590, 84 S.Ct. 841, 849–850, 11 L.Ed.2d 921, 931–932. Further, the right of an incarcerated parent to attend a permanent custody hearing is also within the sound discretion of the trial court. *In re Vandale* (Aug. 12, 1992), Washington App. No. 92 CA 9, unreported, 1992 WL 208903. See, also, *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, 523 N.E.2d 332, 334.

In the instant case, this court recognizes the sincere desire of relator to attend the permanent custody hearing. However, relator has no absolute right to

a continuance even though she is incarcerated and will remain so until at least seven months after the scheduled hearing date. Since relator's right to attend the permanent custody hearing is not absolute, she has not established the first requirement for the issuance of a writ of mandamus.[1]

Accordingly, relator's complaint for a writ of mandamus is found not well taken and is dismissed. Court costs of this action are assessed to relator.

*Complaint dismissed.*

ABOOD, P.J., GLASSER and SHERCK, JJ., concur.

---

1. We note that, while relator's presence at the hearing may be preferable, her basic rights may still be protected by her attorney, and nothing in this decision precludes the possible admission of her deposition testimony, videotaped or transcribed.