DECISION AND JOURNAL ENTRY
These causes were heard upon the records in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Victoria Troyer, appeals an order of the Wayne County Court of Common Pleas, Juvenile Division, that terminated her parental rights with respect to her minor sons, Cory and Joshua Wade. We affirm.
Appellant and Tim Robinson are the parents of Cory Gray, born October 27, 1987, and Joshua Gray, born January 27, 1989. Appellant was arrested on February 20, 1997, and transported to the Wayne County Jail. The following day, a caseworker from the Wayne County Children Services Board (CSB) visited the home and found the children unsupervised. The children were taken into emergency protective custody on February 21, 1997, and the trial court continued temporary custody pending adjudication. On March 6, 1997, the children were adjudicated neglected and dependent. The trial court granted temporary custody to CSB on April 4, 1997.
Pursuant to a caseplan approved on May 7, 1997, Appellant was to (1) acquire money management skills by attending financial counseling through Consumer Credit Counseling Services; (2) complete psychological testing; (3) participate in parenting classes; (4) submit to random screenings for drugs and alcohol; and (5) attend all school conferences and meetings. An amendment signed by Appellant in July 1997 and approved by the trial court in September required her to obtain suitable and appropriate housing.
In August 1997, Appellant was arrested on federal drug trafficking charges and incarcerated in the Medina County Jail pending trial. The trial court continued temporary custody on September 29, 1997. On May 14, 1998, CSB moved for permanent custody of the children. Appellant was convicted of conspiracy to possess and distribute cocaine and sentenced on June 18, 1998, to a prison term of fifty-one to sixty-three months. On November 4, 1998, Appellant moved the trial court to order United States Marshals to convey her from the federal prison in Alderson, West Virginia, to Wayne County for the purpose of attending the hearing on the motion for permanent custody. The trial court granted the motion, subject to approval by prison authorities. Federal authorities did not permit Appellant's release. On January 31, 1999, following a hearing conducted in Appellant's absence, the trial court granted permanent custody to CSB. Appellant timely appealed, raising two assignments of error.[1]
ASSIGNMENT OF ERROR I
 The trial court erred in terminating Appellant's parental rights because granting CSB permanent custody of Cory and Joshua Gray was against the manifest weight of the evidence.
In her first assignment of error, Appellant has argued that the trial court's decision to grant permanent custody to CSB was against the manifest weight of the evidence. We disagree.
In determining whether the juvenile court's decision was against the manifest weight of the evidence, this court applies the same standard used in criminal and civil judgments. In reJames (Oct. 14, 1998), Summit App. No. 18936, unreported, at 6. We must, therefore:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14, quoting State v. Shue (1994), 97 Ohio App.3d 459,466.
Termination of parental rights is sanctioned when necessary for the welfare of a child, but is an "alternative of last resort." In re Wise (1994), 96 Ohio App.3d 619, 624. Termination of parental rights in the situation where a child is not orphaned or abandoned is governed by R.C. 2151.414(B), which provides:
 The court may grant permanent custody of a child to a movant if the court determines * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
This is a two-part inquiry, requiring courts to determine by clear and convincing evidence whether (1) the child cannot or should not be placed with either parent within a reasonable time, and (2) it is in the best interest of the child to grant permanent custody to the petitioning agency. In re Higby (1992), 81 Ohio App.3d 466,468.
In deciding whether a child can be placed with his or her parent within a reasonable time or should be placed with a parent, the trial court must find, by clear and convincing evidence, that at least one of the factors enumerated in R.C. 2151.414(E) are present. In this case, Appellant was serving a fifty-one to sixty-three month prison sentence at the time of the dispositional hearing. See R.C. 2151.414(E)(7).[2] R.C. 2151.414(E), therefore, required the conclusion that Cory and Joshua could not be placed with Appellant within a reasonable time.
R.C. 2151.414(D) provides that in determining the best interests of a child, a court should consider all relevant factors, including but not limited to:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
At the hearing on the motion for permanent custody, Rose Pumphrey, Joshua's current and Cory's former foster mother, testified that telephone contact between Appellant and the children had been terminated by court order because conversations with their mother incited Cory to fits of violence and were emotionally devastating to Joshua. The guardian ad litem opined that permanent custody was in the best interests of the children. Cory and Joshua, in anin camera interview with the court, expressed the preference that they be freed for adoption. Bethany Sherrieb, a representative of CSB, testified that Appellant had completely failed to comply with her caseplan. She noted that Appellant did submit to one random drug test, but tested positive for cocaine at that time.
In her deposition, Appellant acknowledged that she was addicted to cocaine when the children were removed from her custody and estimated that her expenditures on cocaine rose to $800.00 per day while they were in the temporary custody of CSB. She explained that her drug use prevented her from complying with elements of the caseplan, observing that she "couldn't go to a lot of those places high." Appellant reasoned that attending financial counseling was meaningless because she did not generate enough income to meet her monthly expenses. She also noted that after the motion for permanent custody was filed, and while she was incarcerated, she attended a financial management workshop and began parenting classes.
Appellant's last minute attempts at compliance with the caseplan, however laudable, are insignificant in light of her historic failure to comply. See In re Mills (Sept. 10, 1997), Summit App. No. 18047, unreported, at 9. The trial court's determination that permanent custody was in the children's best interest is not "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice [.]" SeeHardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quotingRoyer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20. Accordingly, Appellant's contention that the judgment of the trial court was against the manifest weight of the evidence is without merit. Appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred in denying Appellant the right to attend hearings and present evidence.
In her second assignment of error, Appellant has argued that she was deprived of her right to due process of law by being prevented from attending the hearing on the motion for permanent custody. This argument is also without merit.
Appellant was incarcerated in an out-of-state federal penitentiary on the scheduled hearing date. On her motion, the trial court ordered Wayne County deputies to convey her to the proceedings provided that her release was approved by federal authorities. Appellant's release was not approved. Assuming for the sake of argument that it was within the power of the trial court to order Appellant's release, "the right of an incarcerated parent to attend a permanent custody hearing is * * * within the sound discretion of the trial court." State ex rel. Vanderlaan v.Pollex (1994), 96 Ohio App.3d 235, 236.
To determine whether a parent was incorrectly denied the right to due process by her inability to attend the hearing, courts must balance: (1) the fundamental right of a parent to raise the child; (2) the risk of erroneous deprivation of that right, and the probable value of any procedural safeguards provided; and (3) the burden imposed on the government in providing additional safeguards. In re Sprague (1996), 113 Ohio App.3d 274,276, citing Matthews v. Eldridge (1976), 424 U.S. 319,335, 47 L.Ed.2d 18, 33-34. In this case, Appellant was represented by counsel and a complete record of the proceedings was made. See In re Smith (Mar. 1, 1995), Summit App. No. 16778, unreported, at 4. The trial court postponed the hearing in order to permit her testimony to be taken by deposition. Her ability to present other testimony in opposition to the motion was in no way inhibited. Any potential deprivation of Appellant's rights, therefore, was mitigated by the circumstances in this case. Her second assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
WHITMORE, J. and BATCHELDER, J. CONCUR
[1] Mr. Robinson did not appeal the judgment.
[2] Effective March 18, 1999, this provision is contained in R.C. 2151.414(E)(12).