OPINION
{¶ 1} Appellant, R.D. (the "Mother"), appeals from orders of the juvenile court terminating her parental rights and granting permanent custody of her three children to the Clark County Department of Job and Family Services ("CCDJFS"). *Page 2 
 {¶ 2} On July 18, 2005, CCDJFS filed complaints for emergency shelter care for Appellant's children, R.D., A.D., and E.D., pursuant to R.C. 2151.27 and 2151.31. A Guardian ad Litem was appointed and a case plan was developed by CCDJFS for Appellant that sought her reunification with her three children. In September of 2005, Appellant and CCDJFS agreed that the three children would live with their maternal grandmother while Appellant attempted to complete her case plan. Accordingly, the juvenile court awarded custody of the children to the maternal grandmother.
 {¶ 3} Appellant was arrested and sentenced to one year in prison for a third degree felony in violation of R.C. 2911.02. After her release from prison in 2006, the juvenile court awarded custody of the children to Appellant.
 {¶ 4} Appellant was arrested again in January of 2007. CCDJFS sought and obtained emergency shelter care for the three children. Appellant was sentenced to one year in prison for burglary, a fourth degree felony, in violation of R.C. 2911.12. She was placed in the custody of the Ohio Department of Rehabilitation and Correction on June 1, 2007. CCDJFS filed a motion to modify temporary custody to permanent custody of the three children.
 {¶ 5} A hearing on the three motions for permanent custody was held on February 25, 2008. Appellant was in prison at *Page 3 
that time and did not attend the hearing. Her request to be transported to the hearing from prison was denied by the juvenile court. However, Appellant was represented at the hearing by appointed counsel, and the juvenile court authorized written interrogatories to be propounded upon Appellant by CCDJFS and by her counsel. Appellant's responses to those interrogatories were admitted into evidence at the hearing and were considered by the juvenile court.
 {¶ 6} On March 3, 2008, the court granted CCDJFS' motions for permanent custody with respect to R.D., A.D., and E.D. This appeal followed.
 {¶ 7} On August 25, 2008, appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. On September 19, 2008, we notified Appellant of her counsel's representations and afforded her sixty days in which to file a pro se brief. She did not reply in the time we provided. On December 22, 2008, however, Appellant filed a "Motion For Leave To File Brief Instanter." We granted this motion in our Order of February 6, 2009, and provided counsel for CCDJFS with ten days in which to respond to Appellant's pro se brief. CCDJFS filed an answer brief on February 17, 2009. *Page 4 
 {¶ 8} In her brief, Appellant does not identify assignments of error as required by App. R. 16. Instead, she argues generally that she was prejudiced because she was not given adequate time to complete her interrogatories and was not allowed to appear in person at the final hearing. Further, she contends the witnesses at the final hearing were not forthcoming and that her case plan was too demanding.
 {¶ 9} The juvenile court granted Appellant the opportunity to prepare ten written questions and prepare a written response to those questions, to be considered by the juvenile court along with the other evidence submitted by the parties. CCDJFS was permitted to submit ten interrogatories to the Appellant. Appellant answered three of her own interrogatories and the ten interrogatories submitted by CCDJFS. At the permanent custody hearing, the juvenile court admitted the interrogatory questions and responses into evidence. In its judgment entry, the juvenile court stated that it had reviewed the questions and responses.
 {¶ 10} Appellant argues that she was not given adequate time to "fill out" the interrogatory responses. The record does not support that claim. The juvenile court issued its order regarding the interrogatories on January 15, 2008. The hearing was held over a month later, on February 25, 2008. No request for additional time to complete the interrogatory *Page 5 
responses was filed by Appellant or her counsel. Further, Appellant fails to explain what additional information she would have included, if given more time, and how she was prejudiced by the alleged insufficient time to complete the responses. Therefore, her argument is unpersuasive.
 {¶ 11} Next, Appellant argues that the juvenile court should have transported her from prison to attend the February 25, 2008 hearing. Prior to the hearing, the juvenile court denied Appellant's request to be transported to the permanent custody hearing. The trial court found "that there is no legal or statutory basis requiring that mother be conveyed from a locked penal institution to this county and to this court for a permanent custody proceeding." January 15, 2008 Judgment Entry, p. 1.
 {¶ 12} "A trial court has discretion to decide whether to proceed with a permanent custody hearing without having an incarcerated parent conveyed." In the Matter of Joseph P., Lucas App. No. L-02-1385, 2003-Ohio-2217, at ___51, citing State ex rel. Vanderlaan v. Pollex
(1994), 96 Ohio App.3d 235, 236. Therefore, we will not reverse such a decision absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (citations omitted). *Page 6 
 {¶ 13} The Sixth and Ninth Appellate Districts have held that the failure to transport a parent from the prison to a permanent custody hearing does not violate a parent's due process rights "when: (1) the parent is represented at the hearing by counsel, (2) a full record of the hearing is made, and (3) any testimony that the parent wishes to present could be presented by deposition." In the Matter of JosephP., at ___52, citing In the Matter of Leo D., Deandre E., and DesandraE. (March 15, 2002), Lucas App. No. L-01-1452.
 {¶ 14} Appellant was represented by counsel at the hearing, a full record was made of the hearing, and Appellant submitted her testimony by way of written responses to interrogatories. Appellant does not identify what additional testimony she would have provided that would have had a material affect on the outcome of the permanent custody hearing. Therefore, we cannot find that the juvenile court abused its discretion in denying Appellant's request to be transported to the permanent custody hearing.
 {¶ 15} A related issue that was not raised by Appellant or her counsel, but one that we will address based on our independent review of the record pursuant to Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300, is whether Appellant's trial counsel provided ineffective assistance when he failed to renew his request for a *Page 7 
continuance of the permanent custody hearing to allow the Mother to testify after her release from prison.
 {¶ 16} At the permanent custody hearing on February 25, 2008, counsel for the maternal grandmother and counsel for Appellant raised the possibility of allowing Appellant to testify after she was released from prison:
 {¶ 17} "THE COURT: What are you asking the court to do?
 {¶ 18} "MS. CUSHMAN: I'm asking the court to schedule at least another half day after March 8th for the mother to be able to put on her testimony.
 {¶ 19} "THE COURT: We'll see how much we'll get done today and tomorrow. Please renew your motion if you want to at the conclusion of the Department's case. If you say she might be released, she might not be released, so I'll wait to hear what you have to say, but when the time comes to put on your evidence. Mr. Rinehart, anything?
 {¶ 20} "MR. RINEHART: I would also join in that request. I know that I was made aware that she is going to be released on March 8th. I was unable to finish questioning her during the — the time that I had with her, so I would feel it would be appropriate to schedule at least a half day for testimony from her.
 {¶ 21} "THE COURT: Ms. Buchanan? *Page 8 
 {¶ 22} "MS. BUCHANAN: Obviously, I would object to continuing this any longer. *** I think that her presence has already been addressed by written interrogatories, so I would object to continuing it unless there is enough, you know unless there still is evidence to be presented and we need a continuance.
 {¶ 23} "* * *
 {¶ 24} "THE COURT: As with the motion by Ms. Cushman, Mr. Rinehart, I'll allow you to renew your motion. I won't grant it at this time. I wouldn't preclude you from making the motion again. In fact, I'm asking that if you wish to bring it up again, you need to remember to do so. I today denied the motion, but left the door open for you, depending upon how the evidence proceeds." (Tr. 10-12.)
 {¶ 25} Counsel for the Appellant did not renew this motion. The question is whether counsel's failure to do so constitutes ineffective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a party has been prejudiced by counsel's deficient performance, the party must demonstrate *Page 9 
that were it not for counsel's errors, the result of the trial probably would have been different. Id.; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 26} Appellant has not identified what testimony she would have offered had the juvenile court allowed her to attend the permanent custody hearing or continued the hearing until she was released from prison. Further, Appellant has failed to establish that she could not have presented such testimony through the use of the ten interrogatories the juvenile court allowed her to draft and answer. Therefore, upon this record, we cannot find that Appellant was prejudiced by counsel's performance.
 {¶ 27} Appellant also argues that the witnesses at the hearing were not "forthcoming." We construe this argument as one relating to witness credibility. Generally, "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. Appellant has not cited any evidence in the record or explained why she believes the juvenile court erred in any of its credibility determinations or how she was prejudiced thereby. Therefore, we cannot sustain this argument on appeal. *Page 10 
 {¶ 28} Appellant's final argument is that her case plan was "too demanding." But she has not explained what particular aspects were too demanding. Further, she failed to raise this argument to the juvenile court. Consequently, the error she assigns is waived.
 {¶ 29} Finally, we have conducted an independent review of the trial court's proceedings required by Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 Led.2d 300, and have found no error having arguable merit. Penson. Accordingly, the judgment of the juvenile court will be affirmed.
BROGAN, J. and FAIN, J., concur. *Page 1