[Cite as *In re S.M.*, 2015-Ohio-4627.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

In re S.M.

Court of Appeals No. WM-15-005

Trial Court No. 20143007

**DECISION AND JUDGMENT**

Decided: November 6, 2015

* * * * *

Kimberly A. Smith, for appellant.

Kirk E. Yosick, Williams County Prosecuting Attorney, and
Katharine Zartman, Assistant County Prosecutor, for appellee.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} Appellant, J.M., appeals the judgment of the Williams County Court of
Common Pleas, Juvenile Division, terminating his parental rights and awarding custody
of his child, S.M., to appellee, Williams County Department of Job and Family Services
("the agency"). For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} In November 2013, appellant was living in an apartment with his girlfriend, V.S., and her son, D.R. V.S. was pregnant with appellant's child. At that time, police searched the apartment and found narcotics, leading to felony charges for both appellant and V.S. As a result, the agency was granted protective supervision of D.R., and a case plan was put in place for both appellant and V.S.

{¶ 3} On February 16, 2014, S.M. was born with methadone, cocaine and opiates in her system. Due to drug use by V.S. during her pregnancy, and both her and appellant's lack of follow-through with the case plan for D.R., S.M. was removed from the hospital on February 18, and placed in the ex parte custody of the agency. An emergency custody hearing was held on February 19, at which point the agency was granted emergency custody of S.M. On March 19, 2014, despite receiving proper notice, V.S. and appellant failed to attend a hearing at which the agency was granted temporary custody of S.M.

{¶ 4} A case plan was set up for V.S. and appellant with the ultimate goal of reunification. Specifically, appellant was to submit to drug testing, undergo substance abuse treatment, participate in parenting classes, have regular visits with S.M. to establish a bond, complete home visits with the caseworker monthly, maintain stable housing, and obtain and maintain employment.

{¶ 5} On February 10, 2015, the agency filed for permanent custody of S.M. The hearing to determine permanent custody took place on April 21, 2015. V.S. was present

2.

for the hearing and was represented by an attorney. Appellant did not attend this hearing, as he was incarcerated on a 30-month prison sentence at the time. However, counsel was appointed to represent him. Before any testimony was taken, appellant's attorney stated that he had sent correspondence to appellant indicating his representation, and asking appellant to write if he desired to participate in any way, including the submission of a sworn statement. The attorney stated that he did not receive any correspondence back, nor had he been contacted via telephone by appellant, or any relative of appellant, regarding the case.

{¶ 6} Prior to any witness testimony, the court admitted several exhibits into evidence over the objection of appellant's attorney. These exhibits consisted of several judgment entries from appellant's prior convictions. Appellant's attorney argued that many of appellant's prior convictions were inadmissible as irrelevant. The court determined that they were relevant to establish the factors in R.C. 2151.414(B), and the exhibits were admitted for that purpose.

{¶ 7} The state's first witness was a drug counselor from Recovery Services. She testified that appellant made contact with Recovery Services on three separate occasions by phone. He made contact on February 25, 2014, and scheduled an appointment for March 12. The Recovery Services office was closed on March 12 due to the weather, and that appointment had to be cancelled. Appellant made contact again on March 26, 2014, and scheduled an April 15 appointment, but appellant failed to show up on April 15, and that assessment was cancelled. Likewise, appellant made an appointment for May 27,

3.

2014, and once again failed to appear causing that assessment to be cancelled. The counselor testified that appellant was never seen for an assessment at Recovery Services.

{¶ 8} The state also solicited testimony from Emily Monroe, the agency's ongoing caseworker for S.M. She testified that appellant was offered two visits per week, each lasting two hours. Ms. Monroe testified that appellant's only visit with S.M. took place on April 4, 2014. She testified that appellant arrived 15 minutes late to the visit. Upon arrival, appellant was asked to submit to a drug test, to which he refused. Ninety minutes into the two hour visit, appellant informed the agency that he was going outside to smoke. Appellant was again asked to submit to a drug screen, and appellant again refused. Appellant never returned to the visit. Ms. Monroe testified that this was the only contact appellant ever had with S.M.

{¶ 9} Ms. Monroe testified that appellant was offered parenting courses through Community Pregnancy Centers and also through the agency's Unit Support Worker. Appellant did not attend any parenting classes with either source. Ms. Monroe further stated that appellant did not take advantage of any substance abuse treatment that was offered to him. She testified that appellant did not obtain employment, nor did he maintain stable housing, as he was bouncing from home to home, living with friends.

{¶ 10} The last contact that Ms. Monroe had with appellant was on July 30, 2014. Ms. Monroe made an unannounced visit at a home where appellant was staying. He was initially asked to provide a drug screen, and he refused. According to Ms. Monroe, appellant became agitated and aggressive towards her. Appellant told Ms. Monroe that

4.

he did not want to work the case plan anymore. Ms. Monroe explained to him what that meant, and appellant stated that he was going to prison anyway. He argued that when he was released he would not have time to work the case plan and requested to be taken off the case plan. Ms. Monroe felt threatened due to the confrontational nature of the conversation and left at that time.

{¶ 11} Ms. Monroe testified that several relatives were considered for placement, including appellant's sister and brother-in-law who live out of state. That placement was denied due to the criminal history of appellant's brother-in-law. The agency also considered placement with relatives of V.S., but a suitable relative placement could not be found. Ms. Monroe opined that it would be in S.M.'s best interest to be adopted by S.M.'s foster parents, who have bonded with S.M., and have expressed interest in adoption.

{¶ 12} Before the hearing broke for lunch, the state also solicited testimony from a foster parent of S.M., and a probation officer who had worked with appellant and V.S. After the lunch break, the state called Darrell Higbie, an officer from the Montpelier Police Department. He testified to several incident reports taken by the Montpelier Police Department concerning appellant, including narcotics cases as well as a domestic violence incident.

{¶ 13} V.S., the mother of S.M., was then called as a witness by the state. She testified to appellant's drug habit and her opinion that he would not be able to change his ways. She also spoke to appellant's violent temper and lack of interest in S.M.

5.

{¶ 14} The state's case concluded with the testimony of Rachael Sostoi, the guardian ad litem appointed to represent S.M. Her testimony focused primarily on S.M.'s foster parents. She explained that S.M. was getting good care with the foster parents, and that S.M. seemed to have bonded with them. Her only testimony concerning appellant was that she never observed appellant and S.M. together, and only saw appellant once, before S.M. was born.

{¶ 15} The state rested its case and the court asked appellant's attorney if he had any evidence to present, to which he replied,

> Your Honor I have nothing to present. I would note for the record that I did ask [appellant] while incarcerated if he had any written information he wanted to submit. I asked him to either provide that to me from his placement or if he needed my assistance in preparing something and sending it down. I got no response to my March letter so and had no contact from other witnesses who desire to be here so we have nothing to present Your Honor.

{¶ 16} In closing arguments, V.S.'s attorney stated that V.S. wanted to proceed with a voluntary surrender of her parental rights. Appellant's attorney again reiterated,

> I have limited information to present and haven't been able to have any meaningful communication with my client given his incarcerated status and was given no guidance or direction from his as to how to proceed. So with that, I would have no further comment.

6.

**{¶ 17}** The court adjourned for the day at that point, and reconvened on the morning of April 28, 2015. On that date, V.S. completed her voluntary surrender of her parental rights. The court then found that termination of appellant's parental rights was supported by clear and convincing evidence, and granted permanent custody of S.M. to the agency. Appellant's timely appeal followed.

## B. Assignments of Error

**{¶ 18}** On appeal, appellant assigns the following errors for our review:

1) The court failed to safeguard appellant's right to due process when it proceeded with the permanent custody hearing in the absence of his counsel.

2) Counsel for appellant failed to provide his client adequate participation in the hearing resulting in an unfair trial and amounting to ineffective assistance.

## II. Analysis

**{¶ 19}** In his first assignment of error, appellant argues that his due process rights were violated when the court proceeded with the permanent custody hearing without the presence of appellant's counsel. We disagree.

**{¶ 20}** A trial court has discretion to decide whether to proceed with a permanent custody hearing in the absence of an incarcerated parent. *State ex rel. Vanderlaan v. Pollex*, 96 Ohio App.3d 235, 236, 644 N.E.2d 1073 (6th Dist.1994). However, an individual has a "basic," "fundamental," and "essential" civil right to raise his or her own

7.

children.  *See In re Sprague*, 113 Ohio App.3d 274, 276, 680 N.E.2d 1041 (12th Dist.1996); *In the Matter of: Dylan R.*, 6th Dist. Lucas No. L-02-1267, 2003-Ohio-69, ¶ 21.  Because of this very important right, when an incarcerated parent is not transferred to a permanent custody hearing, this court has repeatedly held that "a parent's due process rights are not violated when:  (1) the parent is represented at the hearing by counsel, (2) a full record of the hearing is made, and (3) any testimony that the parent wishes to present could be presented by deposition."  *In re Joseph P.*, 6th Dist. Lucas No. L-02-1385, 2003-Ohio-2217, ¶ 52; *In re Jesse P.*, 6th Dist. Lucas No. L-04-1028, 2004-Ohio-3801, ¶ 51; *In re Johnny H.*, 6th Dist. Lucas No. L-06-1044, 2007-Ohio-748, ¶ 21.

{¶ 21} Appellant argues that his due process rights were violated when his attorney was late to court after a lunch recess, and the court proceeded without the attorney's presence.  Essentially, appellant is arguing that the first factor, having an attorney present at all stages of the proceeding, cannot be met.  Appellee argues that appellant's counsel was present for all stages of the hearing, including the portion immediately after the lunch recess.  For clarification of this issue, we look to the trial transcript, which reads in pertinent part:

> **LUNCH BREAK**
>
> **JUDGE BIRD:**  Okay, the time now is 1:25, we're back on the record.
>
> **MR. WALKER:**  Your Honor Mr. Shaffer's not here yet.

8.

**JUDGE BIRD:** Too bad. I said 1:15. In the Matter of [S.M.], 20143007; everybody is back now and I believe the State was about to call a witness.

{¶ 22} As appellee points out in her brief, although it initially appears that the court is proceeding without appellant's counsel, appellant's attorney was present for all of the questioning. This is supported by the court's statement, "everybody is back now." This statement makes clear that everyone, including appellant's attorney, were present in the courtroom. The record also reveals that at the conclusion of the state's first witness following the lunch recess, the courts asked appellant's attorney if he had any questions, to which appellant's attorney responds in the negative. Appellant's speculation that his attorney was not present for all stages of the proceeding is not supported by the record in this case.

{¶ 23} Since appellant was represented at the hearing by counsel, and a full record of the hearing was made, the only other determination to be made is whether any testimony appellant wished to present could be presented by deposition. In this case, appellant was given the opportunity to present evidence in the form of a written statement, and chose not to participate. Therefore, the three requirements set forth in *In re Joseph P.* were met, and appellant's right to due process was not violated. The first assignment of error is not well-taken.

{¶ 24} In his second assignment of error, appellant argues that he received ineffective assistance of counsel. For a claim of ineffective assistance of counsel,

9.

appellant must demonstrate that counsel's performance was deficient and that this deficiency operated to the prejudice of the represented. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The existence of prejudice only occurs when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. *Id.* It must also be shown that there exists a reasonable probability that a different result would have been returned but for counsel's deficiencies. *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus, *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990), citing *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976).

{¶ 25} In contending that his attorney's performance was deficient, appellant's argument is twofold. First, he argues that his attorney did not make enough of an effort to afford appellant the opportunity to participate in the hearing. Second, he asserts that his attorney missed a portion of the hearing. As noted in the first assignment of error, the attorney was present during the hearing, and this argument is not persuasive.

{¶ 26} Appellant argues that one letter sent by his attorney while appellant was incarcerated did not adequately provide him with a meaningful opportunity to participate in the hearing. This argument is also unpersuasive. The record shows that appellant made no effort throughout the pendency of the case to have any meaningful relationship with S.M. It is evident that appellant had no interest in working a case plan with the agency, he failed to schedule or show up to visitations with S.M., and he announced to the caseworker that he wanted to be taken off the case plan. The attorney fulfilled his

10.

duty by sending a letter asking for any witnesses or testimony appellant would like to present. The attorney's representation was not deficient.

{¶ 27} Had we determined that counsel's performance was deficient, appellant still would not be able to show that any deficiency would have impacted the outcome of the case. The court determined, and the record supports, that the evidence presented at the hearing was overwhelmingly in favor of termination. Notably, appellant does not argue that any determination made by the court was incorrect. Appellant offered no evidence that he would have presented on his behalf, had he been present for the hearing. His only argument is the mention of one alternative family placement. The record shows that the family placement offered by the appellant had already been considered, and denied, by the agency. This evidence would not have affected the outcome of the hearing. Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 28} Based on the foregoing, the judgment of the Williams County Court of Common Pleas, Juvenile Division, is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

11.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                              JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.         _____
CONCUR.                                       JUDGE

                                   _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.