[Cite as *In re D.W.*, 2017-Ohio-1486.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

IN RE:

    A.W.,

DEPENDENT CHILD.

[LOUIS D. WIGGINS, IV - APPELLANT]

CASE NO.  4-16-23

O P I N I O N

---

IN RE:

    L.W., V.,

DEPENDENT CHILD.

[LOUIS D. WIGGINS, IV - APPELLANT]

CASE NO.  4-16-24

O P I N I O N

---

IN RE:

    D.W.,

DEPENDENT CHILD.

[LOUIS D. WIGGINS, IV - APPELLANT]

CASE NO.  4-16-25

O P I N I O N

---

**Appeals from Defiance County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 32346, 31220-3, 31219-3**

**Judgments Affirmed**

**Date of Decision:   April 24, 2017**

APPEARANCES:

*W. Alex Smith* for Appellant

*Joy S. O'Donnell* for Appellee

SHAW, J.

{¶1} Father-appellant, Louis D. Wiggins IV ("Wiggins"), brings these appeals from the November 8, 2016, judgments of the Defiance County Common Pleas Court, Juvenile Division, terminating his parental rights and responsibilities with regard to his three children and awarding permanent custody of the children to Defiance County Job and Family Services ("the Agency"). On appeal, Wiggins argues that the trial court erred by denying his motion to be conveyed from prison to the permanent custody hearing.

*Relevant Facts and Procedural History*

{¶2} Wiggins and Markeisha Cofield-Wiggins had three children together, D.W., born in August of 2009, L.W. born in October of 2010, and A.W., born in February of 2015. On August 31, 2015, the Agency filed a complaint alleging that all three children were Dependent children pursuant to R.C. 2151.04(C) and that D.W. was also an abused child pursuant to R.C. 2151.031(B), (C) and (D). Regarding the dependency allegations, the Agency contended that the children's

environment warranted the State assuming the children's guardianship. Regarding the abuse allegation, the Agency contended that Wiggins physically abused D.W., causing significant bruising across D.W.'s chest. The physical abuse of D.W. was observed by L.W. Later allegations indicated that Wiggins also burnt L.W.'s arm with a cigarette.[1]

{¶3} Wiggins and Markeisha initially denied the allegations; however, they both later entered admissions to the Dependency allegations and the Agency dismissed the Abuse allegation. The children were then adjudicated to be Dependent and they were placed in the temporary custody of the Agency for one year.

{¶4} Meanwhile, as the case *sub judice* was proceeding, Wiggins was indicted on four counts of Endangering Children in violation of R.C. 2919.22(B), all felonies of the third degree. The indicted counts were related to Wiggins' actions against D.W. and L.W.

{¶5} At the time the Endangering Children allegations were made, Wiggins was on community control for a separate, prior Assault conviction. After the Endangering Children allegations were made against Wiggins, his community

---

[1] Photographs of the injuries to D.W. and L.W. were included in the record.

control was revoked on the Assault case and he was incarcerated on October 21, 2015.[2]

{¶6} Shortly after Wiggins began serving his prison sentence on the prior Assault case, Wiggins pled no contest to two of the four Endangering Children counts: one count of Endangering Children related to D.W. and one count related to L.W. Wiggins was convicted of both counts and was placed on community control for 4 years with consecutive 30-month prison sentences reserved on each count.

{¶7} Wiggins was granted judicial release from his incarceration on January 21, 2016. On March 18, 2016, he was charged with operating a vehicle while intoxicated and as a result there was a motion filed to revoke his community control for the Endangering Children convictions. The motion to revoke also contained an allegation that Wiggins had used "Spice" or synthetic marijuana. Wiggins' community control was revoked and he was ordered to serve an aggregate prison term of 54 months for the Endangering Children convictions.

{¶8} On August 2, 2016, the Agency filed a motion seeking to convert its temporary custody of the children to permanent custody. The Agency indicated that Wiggins was incarcerated and would continue to be for years and that Markeisha had made little or no progress on a number of issues in her case plan.

---

[2] According to the record, Wiggins was found in violation of his prior community control once for assaulting Markeisha before these proceedings began, but his community control was not revoked at that time.

{¶9} On August 26, 2016, Wiggins filed a motion seeking to be transported from prison to the final permanent custody hearing. The trial court summarily denied that motion on August 29, 2016.

{¶10} On October 11, 2016, the GAL who had been appointed in this matter filed her report and recommendation. The GAL's report contained a detailed accounting of her involvement in this case. The GAL stated that both parents had made little or no progress on the case plan and detailed how she reached that conclusion. The GAL also indicated that the children had bonded significantly with their foster family. The GAL concluded by recommending that the Agency be granted permanent custody of the children.

{¶11} On October 19, 2016, the trial court held a hearing on the Agency's permanent custody motion. Wiggins' appointed counsel was present and Markeisha had separate appointed counsel present; however, Wiggins did not appear due to his incarceration and Markeisha did not appear despite being informed of the hearing. The Agency then presented the testimony of three witnesses and rested its case.[3] The trial court took the matter under advisement.

---

[3] Aside from testimony relative to Wiggins, including his crimes, his lack of progress on the case plan, and his incarceration, there was a significant amount of testimony detailing Markeisha's ongoing drug problem, her failure to complete treatment, and her failure to seek out further treatment. It was also indicated that Markeisha regularly missed appointments to meet with her children. As Markeisha has not appealed the termination of her parental rights and responsibilities, we will not further address her failures related to the case plan objectives. Similarly, Wiggins does not challenge the trial court's decision on any issue other than the denial of his motion to be transported to the permanent custody hearing.

{¶12} On November 8, 2016, the trial court filed its judgment entry on the matter. The trial court made a number of factual findings leading to the legal conclusions that the children could not be placed with either parent within a reasonable period of time and that it was in the children's best interest for the Agency to be granted permanent custody of them. The trial court then terminated the parental rights and responsibilities of Wiggins and Markeisha.

{¶13} It is from this judgment that Wiggins appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Appellant's Sixth and Fourteenth Amendment Rights were violated when his motion to transport to the permanent custody hearing was denied.**

{¶14} In his assignment of error, Wiggins argues that the trial court erred by denying his motion to be transported from prison to the permanent custody hearing. Specifically, he contends that transport from the prison would not have been cumbersome, and that while he was represented by counsel at the final hearing, he was not able to assist in his own defense. Wiggins argues that since the right to parent a child is a fundamental right, his due process rights were violated in this case.

{¶15} "Ohio courts have recognized that parents have a constitutionally-protected right to be present at permanent custody hearings, but they have also recognized that such a right is not absolute if the parent is incarcerated." *In re L.C.*,

-6-

2d Dist. Montgomery Nos. 27174, 27175, 2016-Ohio-8188, ¶ 10, citing *In re A.L.W.,* 9th Dist. Summit No. 27312, 2016–Ohio–911; *In re M.M.,* 4th Dist. Meigs No. 14 CA 6, 2014–Ohio–5111. Courts have further held that the failure to transport a parent from prison to a permanent custody hearing does not violate a parent's due process rights when: 1) the parent is represented at the hearing by counsel; 2) a full record of the hearing is made; and 3) any testimony that the parent wishes to present is able to be presented by deposition or by other means. *L.C.* at ¶ 11, citing *In re M.R.*, 2d Dist. Greene No.2010 CA 64, 2011–Ohio–3733, ¶ 15, citing *In re Joseph P.*, 6th Dist. Lucas No. L-02-1385, 2003-Ohio-2217, ¶ 52.

**{¶16}** A trial court is provided with discretion to determine whether to bring an incarcerated parent to a permanent custody hearing. *In re R.D.*, 2d Dist. Clark No. 08-CA-26, 2009-Ohio-1287, ¶ 12, citing *In re Joseph P., supra,* at ¶ 51, citing *State ex rel. Vanderlaan v. Pollex*, 96 Ohio App.3d 235, 236 (1994). Therefore, we will not reverse a trial court's decision denying a motion to convey absent an abuse of discretion. An abuse of discretion constitutes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶17}** In this case it is undisputed that Wiggins was represented by counsel at the final hearing and that a full record of the hearing was made. Although Wiggins argues that he was unable to assist in his own defense, he did not file

anything with the trial court indicating what specific testimony he wished to establish that his attorney could not present on his behalf. Moreover, there is no indication Wiggins was denied the ability to present deposition testimony if he wished to testify and he did not file any affidavits with the trial court. His desire to contest the Agency's permanent custody was presented to the trial court and Wiggins' attorney did represent his interests by cross-examining the Agency's witnesses.

{¶18} Furthermore, Wiggins' expected release date from prison was September 18, 2020, indicating that it would be *years* before Wiggins could make any meaningful progress on his case plan. Wiggins was also incarcerated specifically for harming two of his children.

{¶19} In similar circumstances, other Ohio Appellate Courts have determined that the trial court did not abuse its discretion in denying a motion to convey an incarcerated parent to a permanent custody hearing. *See In re R.L.*, 2d Dist. Greene Nos. 2012CA32, 2012CA33, 2012-Ohio-6049, ¶ 29 (finding that where an incarcerated parent was represented by separate counsel, a record was made, and the parent did not identify additional testimony that the parent would provide that would affect the outcome of the hearing, there was no abuse of discretion in denying a motion to convey); *In re M.R.*, 2d Dist. Greene No.

2010CA64, 2011-Ohio-3733; *In re S.G., D.G.*, 2d Dist. Greene No. 2009-CA-46, 2010-Ohio-2641, ¶ 23.

{¶20} In sum, Wiggins was represented by counsel at the final hearing, a full record was made and Wiggins has not demonstrated any testimony that he would have presented that could have changed the outcome of this case.  Wiggins was also incarcerated for multiple years specifically for harming his children, preventing him from making any meaningful progress on his case plan objectives.  Thus while a trial court may have to carefully determine whether to grant or deny a motion to convey an incarcerated parent to a permanent custody hearing, we cannot find that the trial court abused its discretion under these particular circumstances.  Therefore, Wiggins' assignment of error is overruled.

*Conclusion*

{¶21} For the foregoing reasons the assignment of error is overruled and the judgments of the Defiance County Common Pleas Court, Juvenile Division, are affirmed.

*Judgments Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**